**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RAYAN PRYCE,                                                    Case No: 8:22-cv-00492

       Plaintiff,

v.

PROFESSIONAL GROUNDS MANAGEMENT
INC., a Florida for Profit Corporation, and
TOM BURKE, individually,

       Defendants.

_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, RAYAN PRYCE ("Pryce"), hereby sues the Defendants,

PROFESSIONAL GROUNDS MANAGEMENT, INC., ("PGM"), and TOM BURKE,

("Burke") (collectively "Defendants") for failing to pay overtime wages for every

hour worked, and states as follows:

## INTRODUCTION

1.     This is an action against Defendants for overtime compensation,

liquidated damages, interest, and attorney's fees and costs pursuant to the Fair

Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*

## JURISDICTION AND PARTIES

2.     This Court has jurisdiction over this matter and claims under the FLSA

pursuant to 28 U.S.C. § 1331.

3.      Pryce at all times material hereto was employed in Pinellas County,

Florida, and was an "employee" of Defendants within the meaning of 29 U.S.C. §

203(e)(1).

4.      PGM is a Florida for Profit Corporation that conducts business in this

District and is subject to the requirements of the FLSA.  At all times material hereto

PGM was Pryce's "employer" within the meaning of 29 U.S.C. § 203(d); PGM was

engaged in the production of goods for commerce; PGM had gross annual volume

of sales made or business done in an amount over $500,000.00; and PGM employed

two (2) or more employees who handled and worked with goods or materials that

had been moved in or produced for commerce.

5.      Burke is the President, Director, and owner of PGM.

6.      Venue in this District is proper pursuant to 28 U.S.C. § 1391, as the

unlawful employment practices were committed in this District.

## FACTUAL ALLEGATIONS

7.      Pryce was hired by PGM as a groundsman in the landscaping business

starting in approximately August of 2018.  At all times material hereto, and since the

start of his employment with PGM, Pryce consistently worked in excess of forty (40)

hours per workweek performing the duties he was hired to perform.

8.      PGM paid Meeks an hourly rate of pay from August 2018 through the end of his employment in July of 2021, but PGM refused to pay Pryce for all hours worked at the appropriate overtime compensation rate, despite PGM's knowledge Pryce was working his typical hours in excess of 40 per workweek.

9.      Burke was aware of, and refused to pay Pryce for all hours worked at the appropriate overtime compensation rate, despite Burke's knowledge Pryce was working his typical hours in excess of 40 per workweek.

10.     Pryce was not "exempt" from the overtime provisions under the FLSA, and Pryce qualifies as an employee entitled to overtime compensation for hours worked in excess of forty (40) hours per workweek.

11.     Pryce has retained the services of Barbas, Nunez, Sanders, Butler & Hovsepian, P.A. and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I: VIOLATION OF FLSA OVERTIME REQUIREMENTS BY PGM

12.     Pryce realleges paragraphs 1 through 11 as if fully set forth herein.

13.     PGM did not keep and maintain accurate time records for Plaintiff as required by the FLSA.

14.     PGM's failure to pay Pryce appropriate overtime compensation for all hours worked in excess of forty (40) hours for each workweek constitutes a violation of 29 U.S.C.A. § 207.

15.     PGM's violations of the FLSA were knowing, willful, and in reckless disregard of Pryce's rights under the FLSA.

**WHEREFORE**, Pryce respectfully requests that this Court enter judgement against the Defendant PGM and:

a.     Direct PGM to make Pryces whole by providing him with appropriate unpaid overtime compensation for all hours worked in excess of forty (40) hours per workweek;

b.     Direct PGM to pay Pryce an amount equal to the sum of his unpaid overtime as liquidated damages pursuant to 29 U.S.C. § 216(b);

c.     Direct PGM to pay Pryce interest on the unpaid overtime wages;

d.     Direct PGM to pay the reasonable costs and attorney's fees in connection with this action pursuant to 29 U.S.C. § 216(b); and

e.     Grant such further relief as the Court deems necessary and proper.

## COUNT II: VIOLATION OF FLSA OVERTIME REQUIREMENTS BY BURKE

16.     Pryce realleges paragraphs 1 through 11 as if fully set forth herein.

17.     Burke, as the President, Director, and owner of PGM, did not keep and maintain accurate time records for Plaintiff as required by the FLSA.

18.     Burke's failure to pay Pryce appropriate overtime compensation for all hours worked in excess of forty (40) hours for each workweek constitutes a violation of 29 U.S.C.A. § 207.

19.     Burke's violations of the FLSA were knowing, willful, and in reckless

disregard of Pryce's rights under the FLSA.

**WHEREFORE**, Pryce respectfully requests that this Court enter judgement against the Defendant Burke and:

a.      Direct Burke to make Pryce whole by providing him with appropriate unpaid overtime compensation for all hours worked in excess of forty (40) hours per workweek;

b.      Direct Burke to pay Pryce an amount equal to the sum of his unpaid overtime as liquidated damages pursuant to 29 U.S.C. § 216(b);

c.      Direct Burke to pay Pryce interest on the unpaid overtime wages;

d.      Direct Burke to pay the reasonable costs and attorney's fees in connection with this action pursuant to 29 U.S.C. § 216(b); and

e.      Grant such further relief as the Court deems necessary and proper.


## DEMAND FOR JURY TRIAL

20.      Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and in accordance with Rule 1.06 of the Rules of the U.S. District Court for the Middle District of Florida.

Dated this 1st day of March, 2022.

 S/ Steven E. Hovsepian
Steven E. Hovsepian, Esquire
Florida Bar No.:  091359
BARBAS, NUNEZ, SANDERS
BUTLER & HOVSEPIAN
1802 W. Cleveland Street
Tampa, Florida 33606
Telephone: (813) 254-6575
Facsimile: (813) 254-4690
Lead Counsel, Attorney for Plaintiff
shovsepian@barbaslaw.com